IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


WAYNE McELWAIN,

    Plaintiff,

vs.                            Case No. 4:11cv393-MP/CAS

JAMES COKER,
and CAPTAIN ABEL,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

After service of the pro se Plaintiff's amended complaint, doc. 7, Defendants Coker and Abel filed a motion to dismiss. Doc. 26. The basis for the motion is that Plaintiff failed to disclose his prior litigation and because the retaliation claim is insufficient to state a claim upon which relief may be granted. *Id.*

Plaintiff was provided an opportunity to respond to the motion. Doc. 29. Plaintiff's response was timely filed, doc. 33, and has been considered. Plaintiff concedes that Defendants' statement of facts is accurate. Doc. 33, at 1. Plaintiff acknowledges the existence of the five cases pointed out by Defendants in the motion to dismiss that Plaintiff failed to disclose to this Court. Doc. 33, at 4. Plaintiff indicates he did not fail to disclose the cases intentionally, but several of the cases were from

1988 and 1989, and with the passage of time, the cases were forgotten.  *Id.*; *see* doc. 26, at 5-6.  Two of the cases Plaintiff failed to disclose, however, were filed in 2005 and 2009, and in both instances, the cases were dismissed for failure to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Both cases count as "strikes" under 28 U.S.C. § 1915(g).

The only case Plaintiff disclosed in the amended complaint was case 5:09cv322, a habeas petition.  Doc. 7, at 4.  Plaintiff failed to indicate on the complaint form that he had filed *any* other civil rights case.  Plaintiff now states that he did not have his property at the time to list the case, but Plaintiff *could* have at least alerted the Court that he had filed other cases but did not then have access to his legal property to provide the case number or other pertinent information.  Plaintiff's failure to list his cases is deemed to be willful.

Furthermore, Plaintiff appears to have intentionally tried to hide the fact that he had filed an action "dealing with the same or similar facts/issues involved in this action."  Doc. 7, at 3.  Plaintiff answered that question with an unequivocal "No," but that is not true.  Plaintiff initiated case 5:09cv312 in this Court on September 21, 2009.  That case concerned the same Defendants as are named in this case, and complained that in August 2009, he was questioned by Defendants Abel and Coker about an investigation[1] which led to retaliation against him when he told the Defendants he was unable to provide them any information concerning the investigation.  Doc. 1, case 5:09cv312.  That is the same claim Plaintiff brings in this case.  Plaintiff was well aware of the

---

[1] The investigation concerned a memo that was circulating among the inmates advocating a work strike.

existence of that case and should have disclosed it as both a prior case that he filed, and as a prior case concerning the same facts as are involved in this case.

It has also been discovered that Plaintiff has now received a "third strike" in case 3:11cv515, filed in the Northern District of Florida.[2] The case was dismissed on February 22, 2012, as abuse of the judicial process under § 1915(e)(2)(B)(i) for Plaintiff's failure to disclose all of his prior cases.[3] Plaintiff is now barred from proceeding in forma pauperis in federal court absent a showing that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

It is concluded that Plaintiff intentionally failed to disclose cases on the complaint form and, therefore, Defendant's motion to dismiss should be granted as Plaintiff has abused the judicial process. Plaintiff is aware of the need to provide accurate and honest information on the complaint form, and his continued refusal to do so cannot be permitted.

Moreover, Defendants point out in the motion to dismiss that Plaintiff's retaliation claim must fail as a matter of law. Defendants correctly note that to prevail on a First Amendment retaliation claim, an inmate must show that he was retaliated for exercising his right to free speech, that his speech was constitutionally protected, and that he suffered an adverse action because of that speech. Doc. 26, at 6-7. Defendants point out that in Plaintiff's prior lawsuit concerning these facts, 5:09cv312, Plaintiff admitted that he was transferred from one correctional facility to another on the same day he was

---

[2] Case 3:11cv515 was initiated on October 25, 2011, *after* Plaintiff had filed the amended complaint in this case, doc. 7, on September 22, 2011.

[3] Indeed, in that case it is not clear that the Court was aware of Plaintiff's cases filed outside of the state of Florida. *See* doc. 11.

Case No. 4:11cv393-MP/CAS

questioned by Defendants Abel and Coker.  Doc. 26, at 8-9.  In the instant case, the time frame of the transfer is not clearly alleged.  However, it is clear that at the same time that Plaintiff was interviewed, he was advised that he would not be returning to the law library as a law clerk, and he was held in administrative confinement during the investigation.  Doc. 7, at 6-7.  Plaintiff's allegations indicate those actions took place because the Defendants did not believe that Plaintiff was telling them the truth when Plaintiff denied knowledge of the incident under investigation.  Those facts indicate Plaintiff suffered the actions about which he complains in this case because he was believed to be lying and not because Plaintiff filed grievances.  The grievances came after these events.  Plaintiff's retaliation claim should therefore also be dismissed on the merits as it fails to state a claim.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, doc. 26, be **GRANTED** and Plaintiff's amended complaint, doc. 7, be **DISMISSED** as abuse of the judicial process for failing to disclose his prior cases, and because the complaint fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).  It is further **RECOMMENDED** that the order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),(ii), and that Plaintiff has three strikes under 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on July 19, 2012.


  S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**